HYMAN BERNSTEIN, Appellant, *v.* JOSEPH SINGER, Respondent.

*Slander — cross-examination of the plaintiff as to his character, etc., before the slander, proper — evidence of good character is a part of the plaintiff's direct case and not competent in rebuttal.*

In an action brought to recover damages for the speaking of slanderous words, the answer denied the speaking of the words, denied that the plaintiff had always maintained a good reputation and character and also denied that he had suffered damage as alleged; but set up no justification nor anything by way of mitigation. The defendant succeeded upon the trial.

*Held,* that it was proper for the defendant to cross-examine the plaintiff as to his reputation and character before the time when the slanderous words were spoken, as the evidence bore upon the credibility of the plaintiff as a witness and upon the actual or compensatory damages which he had suffered;

That as the defendant had given no evidence of the general bad character and standing of the plaintiff, the plaintiff had not a right, where he had failed to give such evidence as a part of his direct case, to prove, in rebuttal, the general good character and standing of the plaintiff before the time when the slanderous words were spoken;

That in any event the evidence only went to the question of damages, and as the jury had found that no slanderous words were spoken the exclusion of the evidence was harmless.

APPEAL by the plaintiff, Hyman Bernstein, from a judgment of the Court of Common Pleas for the city and county of New York, entered in the office of the clerk of said court on the 22d day of March, 1894, upon the verdict of a jury, and also from an order entered in the office of the clerk of said court on the 26th day of March, 1894, denying plaintiff's motion for a new trial made upon the minutes.

The action was brought to recover damages for the speaking of slanderous words. The answer denied the speaking of the words and that the plaintiff had always maintained a good reputation and character, and had suffered damages as alleged, but set up no justification nor anything by way of mitigation.

*Joel M. Marx,* for the appellant.

*David Leventritt,* for the respondent.

WILLIAMS, J. :

The evidence as to whether the slanderous words were spoken as alleged was conflicting, and the verdict of the jury upon this question of fact should not be disturbed. We find nothing in the exceptions taken on the trial calling for a reversal of the judgment. The appellant complains that the defendant's counsel was permitted to cross-examine the plaintiff as to his reputation and character before the time of the speaking of the slanderous words. Such examination was proper as bearing upon the credibility of the plaintiff as a witness and the amount of actual or compensatory damages, if any.

The plaintiff further complains that he was not allowed in rebuttal

to give evidence of the general good character and standing of the plaintiff before the time the slanderous words were spoken. This evidence under the pleadings should have been given as a part of the plaintiff's case if desired to be given at all. The defendant had given no evidence of the general bad character and standing of the plaintiff. In any event this evidence could only affect the question of damages, and the jury having found that no slanderous words were spoken, the exclusion of this evidence could not have affected the result.

The judgment should be affirmed, with costs.

VAN BRUNT, P. J., BARRETT, PATTERSON and O'BRIEN, JJ., concurred.

Judgment affirmed, with costs.